**In re John Robert HANNA, Debtor.**

**Bankruptcy No. 85–01743–BKC–TCB.**

United States Bankruptcy Court,
S.D. Florida.

Oct. 1, 1986.

Jeanette Tavormina, Trustee.

William J. Swink, Jr., Swink, Swink & Swink, Miami, Fla., for debtor.

### ORDER DENYING MOTION TO REOPEN CASE

THOMAS C. BRITTON, Chief Judge.

The debtor's motion (C.P. No. 17) to reopen this closed case was heard on September 29. The case was closed after the debtor had amended his schedules to include the subrogee of a creditor which had previously been listed on his schedules.

The debtor's present purpose is to invoke this court's jurisdiction to determine the dischargeability of his obligation to the subrogee. 3 *Collier on Bankruptcy* ¶ 523.05 (15th ed. 1986). It appears, however, that the debtor previously invoked the jurisdiction of a State court to determine the same issue. I understand the State court concluded the debt was not discharged.

██ The bankruptcy court has concurrent but not exclusive jurisdiction to determine questions of dischargeability (with certain exceptions not applicable here). *Id.* ¶ 523.13[9] n. 49. This court does not exercise appellate jurisdiction over any State court. The principles of comity preclude this court's interference with the orderly procedures provided in the State court for review of the trial court's determination of non-dischargeability. The debtor having

elected that forum should pursue that remedy if he perceives error.

Since no appropriate purpose would be served by reopening this case, the motion to reopen is denied.